*Lenox, Mait-land & Renwick v. Howland, Russel and others.*

The note of an infant given in the course of trade, cannot be enforced against him by the payee.

Lenox, Maitland and Renwick *against* Howland, Russel and others.

THE court having on a former day* allowed the plaintiffs to shew that they had such a demand against the defendants as would warrant the attachment.

*Hoffman* now read an affidavit by which it appeared, that their claim was founded on the contract contained in a bill of lading, for the delivery of goods shipped on board the defendants' vessel.

*Per Curiam* delivered by LIVINGSTON, J. We are to determine, not whether the affidavit now read would have been the proper basis of an attachment, but whether the demand, as now disclosed, is sufficient to support it. Although by the terms of the oath the creditor is to swear that the party is *indebted* to him, in the sum of one hundred dollars or *upwards*, it does not follow that the demand is to be so certain, as to fall within the technical definition of a debt, or as to be susceptible of liquidation, without the intervention of a jury. The law is remedial, and should be so construed as to embrace as many cases as possible. Being *indebted* is synonimous with *owing ;* it is sufficient, therefore, if the demand arise on contract. The other provisions of the act plainly indicate, that its relief was to extend thus far at least, and, if the whole act be construed together, leave but little or no doubt on the subject. The 16th section declares, that in case a controversy arise concerning any *claim, debt,* or *demand,* respecting the estate of

For all demands arising *ex contractu,* though the amount be unliquidated, an attachment may be issued against the property of absconding and absent debtors, under the act granting relief against them.
* See ante 257.

NEW-YORK,
Nov. 1805.

Lenox, Mait-
land & Ren-
wick
v.
Howland, Rus-
sel and others.

the debtor, the trustees may have it settled by reference, and by the 21st section, the attachment may be superseded, if the debtor will give security to appear and plead to *any* action to be brought against him in any court of *law or equity*, and to pay such sum as shall be recovered against him. It is very evident from these sections, that it was not intended to confine the remedies, either in favour of, or against such estate, to cases of ascertained and liquidated debts. Else why speak of *any claim* in the first, and why compel by the other, the party, in order to get rid of this process, to appear to *any suit in law or equity.* These terms are broad enough to include at least all demands originating in contract. Nor can it make any difference whether the goods in the present case were not delivered at all, or delivered in a damaged condition. In either case the demand arises on the bill of lading. Nor ought the form of declaring to vary the case. In the first case, the party might certainly declare, generally, that the goods did not come to hand, without stating that this was owing to the negligence or carelessness of the master, and if this general form of declaring cannot be pursued in the latter case, it can and ought to make no difference. In both cases the owners are liable on the contract of the master, as much as if they had signed it themselves. Nor can the difficulty of ascertaining the precise damage make any difference. This must always be more or less liable to some uncertainty. To obtain a liquidation a reference may be resorted to, and if the trustees will not submit to one, they may be sued, and a jury will settle the *quantum* of the demand. If a carpenter contracts to build a house for a given sum and does it so negligently that it falls the very day it is finished, and then absconds possessing a large property, it would be strange that I should have no remedy, because it be necessary to declare against him for a misfeazance or non-feazance, or because it may require some little calculation to settle the damages. The substantial inquiry, in this stage of the proceeding must be, to ascertain whether the party has a

legal claim arising on contract, not by what kind of action it is to be enforced, which has ever appeared to me a very fallacious mode of testing questions of this kind. From the whole tenor of the act it is very evident, whatever may be the phraseology of its first clause, that its design was, to place the property of a debtor in trustees for the payment, not solely of *debts* within the legal acceptation of that term, but of every demand contracted against his estate, as well those due to the attaching party, as to others, and in like manner to give the trustees a remedy as broad, against third persons. If we once begin to refine or make nice distinctions on this subject, no one can say where we shall land. The act will soon be repealed, or become a dead letter. As this demand then is founded on contract, it can be of no importance in what way the injury arose, nor can we say it is of a kind not to support the attachment. The *supersedeas* is therefore denied.