UTICA,
August, 1828.

Ex parte Chip-
man.

Ex parte B. CHIPMAN, proceeded against as an absent debtor.

A supersedeas to an attachment under the act relative to absent and absconding debtors, will be granted, if it be shewn that the process has improvidently issued. Whether the judge is authorized to receive *affidavits* of departure or concealment, *quere*.

THE relator resides at Crown Point, in the county of Essex. On the 15th of May last, he left home for Albany, for the purpose of making sale of his property at Crown Point. Previous to his departure, the object of his journey was communicated to his neighbors, and was generally understood. He publicly took his departure in a canal boat, proceeded to Albany, and returned in the same boat within ten days. Two days after he left home, a creditor of the relator procured the affidavits of two persons that he had departed the state, with the intent, as they believed, of avoiding arrest, and of defrauding his creditors; which affidavits were taken before a commissioner for taking affidavits, and presented to Dean Edson, Esq. first judge of the Essex common pleas, who, on that evidence, and the affidavit of the creditor to the same effect, on the 19th May issued an attachment against the estate of the relator, as an absent debtor, on which his property was taken. He now applies for a supersedeas to the attachment, on the ground that it irregularly and improvidently issued.

*G. Stow*, for relator.

*By the Court*, WOODWORTH, J. The attachment must be superseded. The debtor had not departed from the state, nor was he concealed within it, with intent to defraud his creditors, or to avoid arrest, in which cases only can this process issue. His departure from his home was public, and its object notoriously known. On the merits, therefore, the motion must be granted. It is unnecessary to express an opinion as to the regularity of the proceedings, but, had it been necessary, the court probably would have directed a supersedeas on this ground. The affidavits are defective, and it may well be doubted whether an officer, entrusted with the power of issuing this summary process, ought to receive affidavits of the concealment or departure of a debtor, taken

before another officer; whether he ought not personally to take the proof, and examine the witnesses himself.

Motion granted.