## Michael Ranahan *vs.* William O'Neale, Jr.— *December*, 1834.

Certain personal property was attached by the sheriff under writs from the creditors of M, and no person appearing to defend the suit or make claim, the property was condemned; upon which judgment a *fieri facias* issued, and a sale took place; after which R, who had notice of the service of the attachment, and who, at the time of the attachment, had notified the sheriff of his claim to the property attached, brought an action of trespass against the sheriff, for taking and selling the goods in question, and recovered a verdict co-extensive with his claim. Upon a case stated, submitting to the court, whether upon the facts agreed on the plaintiff was entitled to retain the verdict, IT WAS HELD, that he was not entitled to recover against the sheriff both for the attachment and sale.

A sheriff is not responsible for an act, as a *tort*, which as a public officer he is bound to perform. In selling property under *fieri facias*, which before had been specifically condemned by a court of competent jurisdiction, the sheriff is not responsible to the party claiming title to the property though no party to the suit, and especially where the plaintiff might have claimed the property before condemnation, and neglected to do so.

APPEAL from *Montgomery* county court.

*Trespass* commenced by the appellant against the appellee on the 12th of March, 1832, for taking and selling certain articles of personal property.

There was a verdict for the plaintiff, subject to the opinion of the county court, upon a case stated, the material

facts of which are contained in the opinion of this court, as follows, viz.

This was an action of trespass, for taking and selling certain personal property seized by the appellee while in the possession of the appellant, by virtue of two writs of attachment, issued out of *Montgomery* county court, and to him (the appellee) directed, as sheriff of said county. The property was attached by the sheriff, as the property of a certain *Patrick Maloney*, to satisfy debts due by him to two of his creditors. The appellant claimed title to said property under a deed of trust, from *Maloney* to him, for a valuable consideration, bearing date subsequent to the issuing of the writ of attachment, but prior to the service thereof upon the property in controversy. The plaintiff in said suit obtained a verdict for damages, which, it was agreed by the parties, should be subject to the opinion of the court upon a case stated. Upon the facts agreed between the parties, the court below gave judgment for the defendant, and the plaintiff has appealed to this court. The appellant claimed as his property under the said deed of trust, the goods and chattels upon which the attachment was laid. The writ of attachment contained the usual clause of *scire facias*, but it does not appear that the appellant was ever warned to appear, conformably to the mandate of the writ. It however distinctly appears in the statement of facts, that he had notice of the service of the attachment, and that he notified the sheriff at the time, of his claim of title to the property. He did not however appear as garnishee, or in any other character, on the return of the attachment, to defend his title to the property attached; in consequence of which a judgment of condemnation was obtained, upon which writs of *fieri facias* were issued, and the property sold in virtue thereof. The county court having given judgment for the defendant, upon the case stated, the plaintiff brought the record before this court by appeal.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, and CHAMBERS, J's.

*Brewer*, for the appellant, contended.

That the deed to *Ranahan* was effectual from its date, and from that time divested *Maloney* of the property in the chattels contained in it, and vested the same in the appellant; and that the attachments did not bind said property, either from their dates or delivery to the sheriff. Foreign attachments, unlike writs of *fi fa.* do not bind the goods of the defendant from their delivery to the sheriff, their object being simply to compel an appearance. *2 Back. Abr.* 258. The property is not changed until after condemnation. *Law of Attach.* 149. 1 *Salk.* 28.

*Magruder*, for the appellee.

The appellant had notice of the service of the attachment, and might have appeared to it. *Campbell and Morris, 3 Harr. and McHen.* 535, 552. Having omitted to do so, and suffered a judgment of condemnation to pass, he cannot be permitted to sue the sheriff, for taking and selling the property under the *fi fa.*

STEPHEN, J., delivered the opinion of the court.

It is true that in actions of trespass similar to the present, the plaintiff is not bound to prove the whole of his *gravamen* as laid in his pleadings, but may recover less than he claims, and according to the extent of his proof as given to the jury; but in this case we are informed by the statement of facts, that the suit was brought for taking and selling the property in question, and damages have been assessed by the jury co-extensive with the plaintiff's claim; and the question submitted to the court was, whether the plaintiff was entitled upon the facts agreed, to retain the verdict and to have a judgment entered upon it. The question therefore presented to the court for their decision seems to have been, whether the plaintiff was entitled to recover

generally, or in other words, whether he was entitled to recover to the whole extent of his demand.

We do not think that his right to recover can be sustained to that extent, as it would involve the responsibility of the sheriff for an act, as a *tort*, which as an officer of the law he was bound to perform. In selling the property under the *fieri facias*, he cannot be considered as a trespasser or wrong doer, and responsible in damages to the party claiming title to the property. He acted only in obedience to the mandate of the law, and it would be strange if the law, whose mandate he obeyed, should hold him responsible in damages for such obedience. Nor was it essential to justice in this case, that the appellant should be entitled to call in question the legality of the sale so made, in order to vindicate his rights of property, if wrongfully seized or illegally violated; because having had notice of the attachment of his property, as claimed by him, he had a right on the return of that attachment, to have appeared in court, and there moved to have quashed the attachment. In 3 *Harr. and McHen.* 552, 553, the former chief judge of this court, in delivering the opinion of the court in the late general court, upon the case of an attachment then pending before him, lays down the following principles in relation to that species of process, and the mode of proceeding under it. He there says, that "for an apparent defect in the proceedings before the court, the attachment may be quashed, upon suggestion of such defect to the court, either by the defendant himself, or a third person claiming an interest in the property attached. The attachment being a summary proceeding, not changing its nature until there is an appearance with bail, every fact is cognizable by the court which will shew the attachment issued irregularly, or to show the property attached does not belong to the defendant, and evidence dehors or extrinsic, the proceedings may be resorted to, and the proof is to be made to the court, because the proceeding is summary and without the intervention of a jury." The appellant then, in this case, having

full knowledge in fact of the attachment of his property, although it may be that he was not legally warned by the sheriff, might have appeared if he had thought fit, and moved the court to release, or exonerate it from the effect and operation of the attachment. This he did not do, in consequence of which it was condemned, and rendered liable to execution and sale, for the purpose of satisfying the plaintiff's claim.

Upon the best and most mature consideration we have been able to give the subject, we think that there is no error in the judgment of the court below, and that the same ought to be affirmed; the sheriff having sold the property by virtue of a *fieri facias*, issued upon the judgment of a court of competent jurisdiction, cannot be responsible in damages for making such sale. 10 *Johns. Rep.* 138. In that case the rule is stated to be, that "where a court has jurisdiction of the subject matter, it is sufficient to justify the officer executing its process, for the officer is not bound to examine into the validity of its proceedings, or the regularity of its process." To the same effect *see* 10 *Coke,* 76, where the distinction is stated to be this, "where a court hath jurisdiction of the cause, and proceedeth *inverso ordine,* or erroneously, there the party who sueth, or the officer, or minister of the court who executeth the precept or process of the court, no action lieth against them. But when the court hath not jurisdiction of the cause, then the whole proceeding is *coram non judice,* and actions lie against them, without any regard of the precept or process." The authorities above cited clearly shew, that the sheriff in the case before this court, was justified in making the sale, and of course was not responsible in damages for that act.

JUDGMENT AFFIRMED.