Blackford, J.
This was a writ of foreign attachment, issued by a justice of the peace in favour of Hoagland against J. and P. Voorhees and Co. Judgment before the justice for the plaintiff by default. The defendants appealed. The parties appeared in the Circuit Court, and by their agreement, the cause was submitted to the Court without a jury. The suit was tried on the merits, and judgment rendered for the plaintiff.
The defendants’ first objection to the judgment is, that the attachment-bond filed before the justice is insufficient. this *objection comes too late. It should have been made before the defendants appeared to the action, and entered into a trial of the merits.
The next objection is, that the publication of the pendency of the suit was not made and proved before the.justice continued the cause, &c. This objection, like the other, comes too late.
It is also objected, that the judgment is for more than the amount claimed by the plaintiff before the justice; but the facts do not warrant this objection. The judgment is for the amount claimed in the affidavit filed before the justice, with interest; Henrie v. Sweasey, 5 Blackf., 273; and it is agreed by the parties that the affidavit was unobjectionable, and that the plaintiff filed before the justice a bill of particulars amounting to the sum named in the affidavit. '
G. Holland, for the plaintiffs.
J. Byman, for the defendant.
Another objection is, that it was proved on the trial in the Circuit Court that one of the defendants was resident in the State when this suit was commenced. That objection would have been good, had the defendants taken advantage of it in time by a plea in abatement in the Circuit Court. But it was too late to make it after they had appeared to the action, and entered on a trial of the merits.
The suit is commenced against the defendants in the name of their firm of J. and P. Voorhees and Co.; but that mode of proceeding is authorized by statute in such cases. Rev. Stat., 1838, p. 80.
Per Curiam.—The judgment is affirmed, with sis per cent. damages and costs.