## Ann Lambden *vs.* Hamilton Bowie.

Where a defect is apparent upon the face of the proceeding, an attachment may be quashed upon suggestion of such defect to the court, by the defendant or a third person claiming an interest in the property.

Such defects, not apparent upon the face of the proceedings, as show that the attachment issued irregularly, or that the property did not belong to the

defendant, may now be availed of on motion to quash, or may be pleaded, at the option of the garnishee.

The case of *Barr, Garnishee, vs. Perry,* 3 *Gill,* 323, does not overrule the case of *Campbell vs. Morris,* 3 *H. & McH.,* 553, so far as relates to a motion to quash, based upon matters not apparent in the proceedings: it decides that such matters *may* be pleaded, not that they cannot be made use of on motion to quash.

Since the acts of 1834, ch. 79, and 1839, ch. 39, the giving bail and appearance will not dissolve the attachment if the party be a non-resident; both the *capias* and attachment cases remain in court, and the plaintiff may get judgment in both.

The original defendant never *appears,* technically speaking, to the attachment, but to the *capias.*

Since the adoption of the new constitution special bail is no longer required, and the defendant may now appear in his own suit without bail, but he cannot dissolve the attachment by appearance without giving bond.

Upon an attachment under the act of 1795, ch. 56, an *ex-parte* affidavit was filed for the purpose of proving that the defendant was a resident of the State at the time the writ issued, and upon this affidavit a motion was made by the defendant's counsel to quash the writ, which the court below did. Upon appeal, HELD:

That though the court might have received the motion upon such an affidavit, yet without an admission of its truth or any proof to sustain it, the attachment ought not to have been quashed. Allowing an *ex-parte* affidavit to have such an effect, would be calculated to produce dangerous consequences.

When such a motion is made and the circumstances relied upon to sustain it are not admitted to be true by the opposite party, reasonable opportunity should be given to produce testimony on the subject.

The mode of taking proof in such cases may be regulated by consent of parties, or directed by the court, in accordance with the rules of practice in summary proceedings of the like character.

THIS was an attachment by the appellant under the act of 1795, ch. 56, to affect the property of the appellee as a non-resident, issued on the 24th of May 1851.

The cause of action was a draft by the appellee in favor of the appellant, for $87, dated 1st of June 1848, with interest from date. The affidavit of the plaintiff before the justice, after the usual averments of indebtedness, &c., states, "that she is credibly informed and verily believes, that the said Hamilton Bowie is not a citizen of the State of Maryland, and doth not reside therein."

The attachment was levied upon the interest of the appellee, in a certain house in the city of Annapolis, and the *capias* and short note were returned *non est*, and copy set up.   The appellee, by his attorney, filed in court an affidavit of one Robert H. Carr, taken in the city of Baltimore, before a justice of the peace of that city, on the 29th of October 1851, stating that deponent "is well acquainted with Hamilton Bowie, now in California, who is a brother-in-law of deponent; that the said Bowie, when he went to California, left his wife and children in Maryland, of which State he was then a resident, and said Bowie went to California, as many others did, to make money, with the intention of returning to his family, who are now residents of Maryland." The said Bowie, by his attorney, then moved that the attachment and return aforesaid be quashed, and filed the following reason: "Because the attachment is founded upon a wrong allegation, in the fact that it is alleged in the affidavit that the said Hamilton is a non-resident of the State of Maryland, when it appears that the said Hamilton is a resident of the State aforesaid, by a certain affidavit filed in this cause October 31st, 1851;" and the court, (Brewer, A. J.,) upon this state of the proceedings, ordered the writ to be quashed, and from this order the plaintiff appealed.

The cause was argued before Le Grand, C. J., Eccleston and Mason, J.

*Worthington* and *Miller* for the appellant, contended, that the motion to quash should have been overruled:

1st. Because the defendant could not appear to the suit and make the motion to quash, without giving bail. *Campbell vs. Morris*, 3 *H. & McH.*, 552.

2nd. If the motion is not to be regarded as made by the defendant, it does not appear that it was made by any one claiming an interest in the property attached. *Campbell vs. Morris*, 3 *H. & McH.*, 552.

3rd. The question as to the residence or non-residence of

the defendant, is the subject of a plea to be inquired of by a jury, and cannot be determined by the court on motion to quash. *Barr vs. Perry*, 3 *Gill*, 313, 323, 324. 2 *Nott and McCord*, 130, *Grisham vs. Deale. Do.*, 323, *Degan vs. Wheeler.* 2 *Hill. S. C.*, 631, *Blake vs. Hawkes.* 1 *McCord*, 331.

4th. Even if this question could be inquired of by the court on this motion, the affidavit offered in support of the motion, was not competent or sufficient to authorise the court to quash the writ.

5th. Opportunity should have been given to the plaintiff to support her affidavit, by an order to show cause.

*II. M. Murray* for the appellee, contended for an affirmance:

1st. Because the proceeding by attachment being summary and *ex-parte*, should be quashed whenever it appears that the plaintiff in the form elected is unable to recover, and because convenience and public policy require the earliest dissolution, as the same reasons would have demanded a dissolution at any other stage of the trial, or judgment for the defendant. *Campbell vs. Morris*, 3 *H. & McH.*, 535. *Bruce vs. Cook*, 6 *G. & J.*, 345.

2nd. Because the affidavit of Robert H. Carr is good to show, and shows, that the appellee is not the object of the act of 1795, ch. 56, sec. 1. *Lyle vs. Foreman*, 1 *Dallas*, 480. *Barnet Lazarus Case, Ib.*, 152. *Act of* 1715, *ch.* 40.

3rd. Because if the attachment had not been quashed, judgment would have been arrested upon the ground of substantial defect in the proceedings. *Stone's Adm'r, vs. Magruder*, 10 *G. & J.*, 383.

4th. Because the whole proceeding is based upon an affidavit, which is controverted and set aside by the affidavit of Robert H. Carr.

ECCLESTON, J., delivered the opinion of the court.

In this attachment under the act of 1795, ch. 56, an *ex-parte* affidavit was filed, for the purpose of proving that the defendant was a resident of Maryland, at the time the writ

issued, and thereupon, a motion was made, by counsel for the defendant, to quash the proceedings. Without further proof, the attachment was quashed, and from this decision of the court, the present appeal was taken.

In *Campbell vs. Morris,* 3 *H. & McH.,* 553, it was held, that on a motion to quash, "evidence *dehors* or extrinsic the proceeding, may be resorted to in order to prove the want of title to the property attached." From the opinion of the general court in that case, it will be seen that until the defendant appeared, which could not then be without giving bail, no evidence was admissible which related to the merits of the dispute between the parties; but until an appearance with bail, every fact was cognizable by the court which would show the attachment issued irregularly, or that the property did not belong to the defendant. These principles in regard to an attachment, and the mode of proceeding under it, are fully recognized and approved, in *Ranahan vs. O'Neale, Jr.,* 6 *G. & J.,* 301. And in *Stone vs. Magruder and Brooke,* 10 *G. & J.,* 386, the court refer to *Campbell vs. Morris,* as authority to the rule, that where a defect is apparent in the proceeding, the attachment may be quashed upon suggestion of such defect to the court, by the defendant, or a third person, claiming an interest in the property. In stating this rule the court use the very language of Judge Chase, (although not marked as a quotation,) and then say: "The practice has constantly conformed to this doctrine." Nothing is said in reference to that portion of Judge Chase's opinion which relates to matters *dehors* or extrinsic the proceeding. There was no necessity for doing so, as the question then under consideration arose upon an *apparent* defect.

The counsel for the appellant has referred to *Barr, Garnishee, vs. Perry,* 3 *Gill,* 323 *and* 324, as overruling *Campbell vs. Morris,* so far as relates to a motion to quash, based upon matters not apparent in the proceeding. And he contends that under this recent decision, defects which are not apparent can be taken advantage of, only, by plea. We do not so understand that case. There a plea was resorted to, and the

plaintiff demurred. The question thus presented, was not whether a motion to quash would have been proper, but whether it was, so essentially, the only appropriate proceeding, that a plea could not be allowed. The court overruled the demurrer, and held the plea to be good. In the argument in favor of admitting the plea, reference is made to decisions, in Vermont, Connecticut and South Carolina. And the learned judge who delivered the opinion of the court, comes to the conclusion, "that courts of more modern times have not been so partial to the old practice of trying facts, without the intervention of a jury, even in these summary proceedings." After noticing the South Carolina cases, with some particularity, he says: "In *Maryland* it ought not to be doubted, that these facts, if disputed, may be submitted to a jury, and, therefore, may be pleaded." If, however, they may be pleaded, it does not follow that they cannot be made use of, upon a motion to quash. Such a position is not distinctly announced in, nor is it a necessary inference from, any part of the opinion. In view of this, and the other Maryland cases, referred to, we think that such defects, not apparent in the proceeding upon attachments, as, according to the authority of *Campbell vs. Morris*, might be made available, on a motion to quash, may now be used in the same manner, or may be pleaded, at the option of the garnishee. When the plea is resorted to it must be after appearance, for it would be altogether irregular, to admit a plea before. And as according to the Maryland practice, the original defendant never does appear to the attachment, but to the *capias*, this plea cannot be used by him; the motion to quash, however, may. The plea allowed in *Barr vs. Perry*, was filed by a garnishee.

The acts of 1834, ch. 79, and 1839, ch. 39, require the defendant to give bond before an attachment shall be dissolved. In speaking of the effect of those laws, on page 326 of 3 *Gill*, the court held, that since the passage of them, if the defendant gave bail and appeared, it did not dissolve the attachment. They say, "the law had been so, but thus far is altered by the legislature; he has still a right to give bail and

appear, and thereby get the conduct of his own suit; but if he be a non-resident, the bail and appearance will no longer dissolve the attachment. Both cases will be in court. The plaintiff may get judgment in both, and the proper course will be to delay the trial of the attachment, until a trial is had in the other case." When it is said, "he has still a right to give bail and appear, and thereby get the control of his own suit," it must mean the *capias* case, as distinguished from the attachment, and therefore, sustains our view, that the original defendant never appears, technically speaking, in the attachment case.

Since the adoption of the new constitution, special bail is no longer required, and the defendant may now appear, in "his own suit" without giving bail; but he cannot dissolve the attachment by appearance without giving bond.

Although a motion to quash may be maintained, at the instance of the defendant, in a case like the present, when sustained by proper proof, we do not think the court were right in quashing the attachment upon this *ex-parte* affidavit. It was taken on the 29th of October 1851, and filed two days after, the writ having been returned the 27th of the same month, the day on which the term of the court had commenced. During which term the motion was decided. Upon such an affidavit the court might, very properly, have received the motion; but without an admission of the truth of the affidavit, or any proof to sustain it, the proceeding ought not to have been quashed. Allowing an *ex-parte* affidavit to have such an effect would be calculated to produce dangerous consequences.

When a motion of this sort is made, and the circumstances relied upon to sustain it are not admitted to be true by the opposite party, reasonable opportunity should be given to produce testimony on the subject. The manner of taking the proof may be regulated, by consent of parties, or directed by the court, in accordance with the rules of practice, in summary proceedings of this, and of like character.

*Judgment reversed and procedendo awarded.*