(Decided June 1st, 1860.)

---

# GERARD GOVER, and others, *vs.* JOHN H. BARNES.

The court may entertain a motion to quash an attachment for matters *dehors* the proceedings, hear evidence in relation thereto, and decide the motion, without the intervention of a jury.

APPEAL from the Superior Court of Baltimore City.

This appeal is taken from a judgment of the court below, (LEE, J.,) quashing an attachment on warrant issued on the 30th of October 1857, at the instance of the appellants against the appellee, as an absconding debtor. The facts of the case are sufficiently stated in the opinion of this court.

Gover, *et al.*, *vs.* Barnes.

The cause was argued before LE GRAND, C. J., ECCLES-
TON, TUCK and BARTOL, J.

*Geo. W. Dobbin*, for the appellee, argued:

1st. That it is competent for a party against whom an at-
tachment on warrant has been issued, to move to quash the
same for reasons apparent on the face of the proceedings, or
for reasons *dehors* shown in proof upon reasonable opportunity
to the plaintiff to produce testimony on the subject. 2 *Md.
Rep.*, 334, *Lambden vs. Bowie*.

2nd. That the court properly quashed the attachment upon
the evidence given in the cause.

No argument was made on the part of the appellant.

ECCLESTON, J., delivered the opinion of this court.

This appeal is taken from the Superior Court of Baltimore
City in the case of an attachment on warrant issued at the
instance of Gerard Gover and others, trading as Josiah Lee &
Co., against John H. Barnes, as an absconding debtor.

The defendant filed a petition, under oath, alleging that at
the time of issuing the attachment, he had never run away
and fled from justice, and removed from his place of abode to
defraud his creditors; alleging, also, that when the affidavit
was made for the attachment, and when the attachment is-
sued, he was in the city of Baltimore, and attending to his
lawful business in the most public manner, and in the most
public places, was seen by and conversed with many citizens
of Baltimore, had, during business hours, passed several
times into the banking-house of the plaintiffs, and the office
of the sheriff of Baltimore city. Which petition prays that
the attachment may be quashed.

Afterwards the counsel for the defendant filed a motion to
quash the attachment, assigning reasons why the motion
should be granted.

Again, by leave of the court, the counsel for the defendant
filed additional reasons in support of the motion.

The first, as well as the additional reasons, allege that, at
73    v.15

the time of issuing the attachment, the defendant was not an absconding debtor.

The counsel for the plaintiffs resisted the motion to quash, upon the following grounds:

"1st. Because said defendant has not appeared in the said action against him.

"2nd. Because the matters of fact averred in said reasons, and said additional reasons, are proper for trial and decision by a jury, upon issues properly joined between the parties, and ought not to be tried by the court here, when the matters of fact so averred are not admitted, but, as in this case, are denied to be true."

Whereupon the court decided that the reasons in support of the motion to quash, appeared to be sufficient in law to bar the issuing of the attachment.

After which, at the request of the plaintiffs' counsel, the judge signed what is called in the record, a bill of exceptions, stating the above mentioned proceedings, also stating that the defendant, being about to offer testimony to the court in support of his motion, and in proof of the reasons for the same, the plaintiffs, by their counsel, objected to the judge of the court deciding the motion, and especially the matters of fact stated in said reasons. The bill of exceptions likewise states that the court overruled the plaintiffs' objection, and decided that the said motion should be heard and decided by the court, without issues joined, and without any jury trial, and required the plaintiffs to answer the said motion of the defendant. It is further stated: "And the plaintiffs, desiring to have the opportunity of reviewing this decision, respectfully asked the court to sign a memorandum of the decision in this behalf, which is accordingly done."

Testimony in support of the motion to quash, and also against it, being then given, the court "quashed the attachment, on the ground that the defendant was a citizen of the State, and had not run away or fled from justice, or removed from his place of abode, with intent thereby to injure or defraud his creditors." To which decision and judgment the plaintiffs excepted.

The testimony given on both sides, and the decision of the court, are set forth in a bill of exceptions signed by the judge, at the request of the plaintiffs' counsel.

That the court had authority to entertain the motion to quash, to hear the evidence in relation thereto, and decide the motion, without the intervention of a jury, is so fully sustained by the case of *Lambden vs. Bowie*, 2 *Md. Rep.*, 334, that we consider it unnecessary to enter into any reasoning on the subject.

We have examined the testimony, and do not perceive any error in the decision of the court thereon, in which it is held that the attachment should be quashed, on the ground that the defendant, Barnes, was, at the time of issuing the attachment, a citizen of this State, and not an absconding debtorr.

