\*RICHARD S. HARDESTY *v.* JAMES MASON **533**
CAMPBELL, Administrator of Margaret Moore,
and Garnishee of David Moore.

*Decided December 16th, 1868.*

Attachment ; administrator the garnishee ; liability for funds since received.

The fact that a garnishee is an administrator, is not a sufficient reason for quashing the attachment. (*a*)                    pp. 537-538

Unlike the ordinary process for the recovery of debts, the right of a plaintiff in an attachment, to a judgment of condemnation, does not depend upon whether there were funds or credits in the hands of the garnishee at the time of issuing or of serving the writ, but whether such funds or credits may have since come to his hands, or may be in his hands at the time of trial or judgment. (*b*)                    p. 538

Appeal from the Superior Court of Baltimore City.

This was an attachment issued on the 12th of October, 1866, on a judgment recovered by the appellant against David Moore, and laid in the hands of James Mason Campbell, as Administrator of Margaret Moore, deceased. The garnishee appeared,

---

(*a*)  See *Bentley v. Shrieve*, 4 Md. Ch. 320, note (*a*).
(*b*)  See *Earle v. Dorsett*, 45 Md. 467; *Nicholson v. Crook*, 56 Md. 55.

and without pleading moved to quash the attachment for the following reasons:

1st. Because the attachment was laid in the hands of an administrator.

2nd. Because the administrator had made no distribution or administration in the Orphans' Court of Baltimore City.

3rd. Because the estate and effects of the deceased were not then the subject of attachment.

4th. Because David Moore had no interest whatever in the personal estate of Margaret Moore, deceased.

5th. Because the attachment issued upon a judgment which was more than three years old; and prior to and at the time of issuing it, the plaintiff had elected to revive the judgment by a writ of *scire facias,* which was pending and undetermined in the Superior Court, when the attachment was issued.

On the motion to quash the attachment, the plaintiff announced that he designed to show at the trial, that Margaret Moore, the deceased, held property in trust for David Moore, which was not assets in the hands of her administrator for the payment of her debts, nor in his hands for distribution.

The court (Martin, J.,) quashed the attachment; and the plaintiff appealed.

**534**   *The cause was argued before Bartol, C. J., Nelson, Stewart and Miller, JJ.

*George H. Williams,* for the appellant:

A motion to quash was inapplicable, and each and all of the garnishee's defenses, even if well taken, (which is denied,) should have been taken by plea, so that the matters should have been put in issue.

If the intestate died possessed of property in trust for the defendant in the judgment, which passed to her administrator, the same was liable for his debts, and bound by the attachment.

If the intestate died indebted to the defendant in the judgment, the attachment would have bound the assets in her administrator's hands, unless he could sustain a plea of *plene administravit.* And even in that event, the plaintiff would have been entitled to a judgment to bind assets, " *quando acci-*

*derint;*" and such judgment also would rightly bind any distributive share distributable to David Moore, as his portion of her estate, whenever the same became ready for distribution. *Groome v. Lewis, 23* Md. 138.

Whilst an attachment can be laid on leasehold estate by schedule, describing it by metes and bounds, yet the title to it is as effectually bound by the laying it in the hands of the party holding the title. In this case, however, the administrator had been personally, since the death of his intestate, in receipt of a large amount of rents and profits, and was still in receipt of them. These rents surely ought to have been bound by this writ, and they were specially sought to be bound, and the object of this suit was specially to reach *that* fund as well as every thing else. The case of *Troxall v. Applegarth, 24* Md. 162, is inapplicable—if you attach a fund arising out of a sale, of course you concede the fact of a sale. Here there was no sale, the appellant sought to affect the rents and profits of a parcel of property yet on hand unsold, and which were in no manner assets for the payment of the intestate's *debts, nor in **535** any manner to be accounted for in any Orphans' Court.

The fourth reason involved an issue on which it was the appellant's right to have the verdict of a jury.

The fifth reason was not true in point of fact, and if true, was provided for by the Act of 1861-2, ch. 262.

*John Carson,* for the appellee:

All of the garnishee's defenses were available on a motion to quash; a plea was unnecessary. *Lambden v. Bowie, 2* Md. 334; *Gover v. Barnes, 15* Md. 576; *Warwick v. Chase, 23* Md. 162.

Where an administrator has not made distribution, or where the time allowed by law for the settlement of the estate has not elapsed, and an attachment is laid in his hands, the same should be quashed. Drake on Atta. secs. 471, 472; *Cockey v. Leister, 12* Md. 129; *Fitchett v. Dolbee,* 3 Harrington, 267; *McCoombe v. Dunch,* 2 Dallas, 73; *Shewell v. Keen,* 2 Wharton, 332; *Winchell v. Allen,* 1 Conn. 385.

No judgment to bind further assets could be given, because the administrator is not responsible to a Court of Law where the estate is open, unsettled, and the time for settlement has not elapsed; were it otherwise, he would be subject to two juris-

dictions, and the Court of Law might wholly oust the Orphans' Court. *Cockey v. Leister,* 12 Md. 129.

. The plaintiff must show error in the judgment of the court below, sustaining the motion to quash.

If the intestate held the legal title to property which really belonged to David Moore, the attachment should have been laid on the property and not in the hands of the administrator. He was bound to treat and claim it as the property of the intestate until the deed was set aside; until then the plaintiff could ·not make it liable for his judgment; this question could not be tried under the attachment, as the deed to the intestate was on its **536** face a flat bar to the plaintiff's recovery *until set aside, and this question a Court of Law could not try. *Troxall v. Applegarth,* 24 Md. 162.

The fifth reason in the motion to quash was not provided for by the Act of 1861-2, ch. 262; the plaintiff had made his election and was bound by it.

Stewart, J., delivered the opinion of the court.

The Code of Pub. Gen. Laws, Art. 10, sec. 30, authorizes any plaintiff having a judgment in any court of law in this State, to issue an attachment instead of any other execution against the lands, tenements, goods, chattels and credits of the defendant, in the plaintiff's own hands or in the hands of any other person. Sec. 31, provides that if neither the defendant nor garnishee, in whose hands such property or credits were attached, appear at the return of the attachment, and show sufficient cause to the contrary, the court shall condemn the said property and credits, so attached and award execution thereof. By the Act of 1861-2, ch. 262, it is further provided, that executions by way of attachment may issue at any time within twelve years from the date of the judgment, the said attachment to be subject to the same defenses as in case of *scire facias,* if more than three years have elapsed from the date or expiration of the stay thereon. In this case, the garnishee appeared and filed a motion to quash the attachment for reasons assigned. He was not only required to appear, but to show sufficient cause to sustain his motion. No proof was offered to support several of the grounds relied upon. . In *Lambden v. Bowie,* 2 Md.

340, which was a case of attachment on warrant, (and we are not aware of any reason to distinguish the practice in this regard, from such case as this,) it was ruled, that " when a motion of this sort is made, and the circumstances relied upon to sustain it are not admitted to be true by the opposite party, reasonable opportunity should be given to produce testimony on the subject. The manner of taking the proof may be regulated by consent of parties, or directed by the court, in accord- *ance with the rules of practice, in summary proceed- **537** ings of this and of like character." In *Gover v. Barnes,* 15 Md. 576, the same practice is affirmed, " that the court had authority to entertain the motion to quash, to hear the evidence in relation thereto, and decide the motion."

We do not understand the offer of the plaintiff's counsel, to prove certain alleged facts at the trial of the case, as admitting the truth of the allegations relied upon by the garnishee as grounds for quashing the attachment. There was no proof or pleadings to conclude the parties. Under the state of the case, upon the motion made by the garnishee, it was incumbent on him to sustain his motion by competent proof. The Act of 1861-2, ch. 262, above cited, is an answer to the fifth reason assigned in support of the motion. No proof having been offered in support of the second, third and fourth reasons, our attention must be confined to the first, which rests upon a matter appearing on the face of the record. The mere fact of the Sheriff's return, that he had laid the attachment in the hands of the garnishee, as administrator, was not *per se* sufficient cause for quashing the writ. The provisions of the Code relating to attachments are very comprehensive in their scope, and it has been decided by this court that an attachment may be laid upon funds in the hands of a trustee; that is, that the process is not vicious because so laid before final account or distribution. In *McPherson v. Snowden,* 19 Md. 233, this court, in reviewing the previous decisions upon the subject, held, " that they were not to be understood as deciding that an attachment cannot be issued and laid in the hands of a trustee before a final account, and that it would not be effective upon a sum ascertained by such an account to be the distributive share of the debtor in the attachment, but that the process, before the account is stated, cannot affect the fund or the trustee, or com-

pel any modification of the final account for the benefit of the attaching creditor." In *Groome v. Lewis*, 23 Md. 152, our pre-

**538** decessors have said, " it cannot be doubted that an *attachment laid in the hands of a trustee before a final account, would be good if, at any time before trial or judgment, the share of the fund in hand belonging to the debtor is ascertained by a final account." This does not affect the action of the court, having the authority to distribute the fund. Unlike the ordinary process for the recovery of debts, the right of a plaintiff in an attachment to a judgment of condemnation, does not depend upon the fact whether there were funds or credits in the hands of the garnishee at the time of issuing or service of the writ, but whether such funds or credits may have since come to his hands, or may be in his hands at the time of trial or judgment.

In view of these decisions, we cannot hold that the mere fact that the garnishee is an administrator, is a sufficient reason for quashing the attachment. Other questions have been argued in this case which were not before us for adjudication, upon which we express no opinion, but confine our decision to the precise point presented by the record, to wit: that the mere fact that an attachment has been laid in the hands of an administrator is no ground for quashing the writ.

*Judgment reversed and procedendo awarded.*