## Case No. 18,212.

### ZEREGA et al. v. McDONALD.

[1 Woods, 496.] [1]

Circuit Court, S. D. Georgia.   April Term, 1873.

ATTACHMENT PROCEEDING—BREACH OF CONTRACT—UNLIQUIDATED DAMAGES—JURISDICTION OF COUNTY COURT—INJUNCTION AGAINST JUDGMENT.

1. Under the local law of Georgia, no attachment lies for the recovery of unliquidated damages consequent upon the breach of a contract.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. And when from the answer of the garnishees, it appears that there are no debts due the defendants in attachment in the county where the proceedings are commenced, and none of their property is seized in the county, the county court has no jurisdiction to proceed further in the case.

3. A judgment in attachment will be enjoined in equity if the defendant had no actual notice, and had a good defense, and his failure to make defense was owing not to any fault or negligence on his part, but to the fault of the plaintiff.

This was a cause in equity which was submitted for final decree on the pleadings and evidence.

Arthur Hood, for complainants.
Herbert Fielder, for defendants.

WOODS, Circuit Judge. This cause was commenced in the superior court of Randolph county, and was removed thence to this court by complainants, who are citizens of the state of New York. The object of the bill is to set aside a judgment of the county court of Richmond county, rendered in a proceeding in attachment at the August term, 1867, in favor of McDonald, the defendant in this cause, and against the firm of Scott Zerega & Co., of which complainants [Zerega and Scott] are surviving partners, for $1,600. The alleged facts, upon which said judgment was predicated, are these: McDonald had consigned thirty-three bales of cotton to complainants, in the city of New York, to be sold by them, not before the lapse of a specific time. The complainants sold the cotton without authority before the time fixed by McDonald for the sale, whereby he claimed to have suffered a loss of $1,600. McDonald swore out an attachment against Scott, Zerega & Co., in the county court of Randolph county, Georgia, on the ground that they were nonresidents of the state, and garnishee process was served on several citizens of Randolph county, and upon Nutting, Powell & Co., of Bibb county, Georgia. All the persons served in Randolph county answered under oath, that they had no effects of, and were not indebted to the defendants in attachment. Nutting, Powell & Co., of Bibb county, made no answer. No property was anywhere seized by virtue of the attachment. Notwithstanding these facts, the plaintiff in attachment proceeded with his cause, submitted the same to a jury which rendered a verdict in his favor for $1,600, and Nutting, Powell & Co., having failed to answer, judgment was rendered against them in Bibb county for the amount of the demand of McDonald. The complainants aver, that they had no notice or knowledge of these proceedings in attachment; that they were not in any manner indebted to McDonald; that he had no claim upon them for damages; that they had a good defense to the said action, and that the county court of Richmond county had no jurisdiction to render said judgment.

We think this judgment should be set aside, on several grounds:

1. The Code of Georgia authorizes proceedings in attachment in cases of debt, and requires that the party seeking this remedy make oath of the amount of the debt claimed to be due. It was held by the supreme court of this state in Mills v. Findlay, 14 Ga. 230, that "under the laws of this state no attachment lies for the recovery of unliquidated damages consequent upon the breach of a covenant." The attachment in that case appeared to have been taken out for breach of covenant, in this, that the defendant had sold to the plaintiff the patent right for Bibb county to "Woodworth's Planing Machine," whereas, the plaintiff was not the owner of said patent, and had no right to sell the same. It is true that this decision was made in 1853, before the present Code of Georgia was in force, but the law then in force required the plaintiff in attachment to make affidavit of the amount of "the debt or demand which he believed to be due" (1 Cobb's Dig. p. 77), and this was held not to embrace unliquidated damages. This decision is contrary to the current authority in other states (Lenox v. Howland, 3 Caines, 323; Wilson v. Wilson, 8 Gill, 192; Peter v. Butler, 1 Leigh, 285; Weaver v. Puryear, 11 Ala. 941); but it is the construction put upon the local law by the supreme court of this state, and must be considered as a part of the statute (Massingill v. Downs, 7 How. [48 U. S.] 767; Nesmith v. Sheldon, Id. 812; Webster v. Cooper, 14 How. [55 U. S.] 504).

2. When, from the returns of the garnishees in Richmond county, it appeared that there were no debts due said Scott, Zerega & Co., in that county, and there being no property of complainants seized in that county, the county court had no jurisdiction to proceed further in the case.

3. I am satisfied from the evidence in this case that the complainants have a good defense against the claim of McDonald. As the judgment was taken against them without notice, it ought to be set aside. A judgment in attachment will be enjoined, if the defendant had no actual notice and had a good defense to the suit, and his failure to make defense was owing not to any fault or negligence on his part, but to the fault of plaintiff. Farmers' & Exchange Bank v. Ruse, Patten & Co., 27 Ga. 391. A decree will be entered setting aside the verdict and judgment rendered in the county court of Randolph county against Scott, Zerega & Co., as in the opinion of this court, the county court of Randolph had no jurisdiction of the case.