(Decided 14th March, 1888.)

---

THE UNION NATIONAL BANK OF WESTMINSTER, MARYLAND, Garnishee of LEWIS C. MYERLY *vs.* JAMES SHRIVER.

*Attachment—Appeal—Execution on Judgment—Motion to Quash—Practice in Circuit Courts—Affidavits—Oral evidence—Discretionary power of the Court—Appeal.*

A defendant neglecting to avail himself, within the time prescribed by statute, of an appeal from a judgment rendered against him by a justice of the peace, cannot, on a motion to quash an execution

to enforce the judgment, present the same questions for determination as could have been presented on the appeal.

The general practice in the Courts of this State is to require the proof in support of motions to quash an execution, to be presented by affidavits; but the rule in not inflexible, and the Court may, in the exercise of its discretion, permit the introduction of oral evidence

The refusal of the Court to hear an argument in support of a motion to quash an execution, is the exercise of a discretionary power inherent in all Courts, and from such refusal no appeal will lie.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, IRVING, and BRYAN, J.

*William P. Maulsby*, for the appellant.

*David N. Henning*, for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellee proceeded by writ of attachment against the appellant as garnishee. The writ was issued by a justice of the peace in Carroll County, and, on the 9th of November, 1885, judgment of condemnation was rendered. The defendant appealed from this judgment; the appeal being taken on the 13th day of February, 1886. This appeal from the judgment of the justice was, therefore, legally inoperative, as it was taken long after the time prescribed by the statute for taking appeals. The appeal was dismissed. The judgment was recorded on the 15th day of June, 1886, in conformity with the provisions of the Act of Assembly authorizing the recording of judgments rendered by justices of the peace. On the 21st day of March, 1887, a *fieri facias* was issued on said judgment, and, on the 26th day of the same month, a motion to quash was filed

in the Circuit Court for Carroll County from which Court the execution had issued. The motion to quash was overruled, and from this determination of the Circuit Court the questions involved in controversy have been brought into this Court by an appeal.

An effort was made during the argument to obtain a decision of questions which cannot be considered and determined on this appeal. It is clear that if any errors were committed by the justice of the peace, in rendering his judgment, the case could have been carried into the Circuit Court, and there brought under revision so that such errors might be disclosed and corrected. The law having provided a mode by which a revision of the judgment rendered by the justice could have been obtained, a defendant, neglecting to avail himself of an appeal taken in proper time, could not present the same questions for determination on a motion to quash an execution to enforce the judgment.

The judgment not having been satisfied, the issuance of an execution by the Circuit Court for Carroll County was authorized by the Act of 1872, ch. 448. It was contended in argument by the appellant's counsel, that this Act is unconstitutional. It is not necessary to determine this question, for, even if the Act referred to were unconstitutional, the Act of 1884, ch. 178, which was in full force anterior to the inception of these proceedings, gives authority to the Circuit Courts of this State to issue executions on judgments rendered by justices of the peace and subsequently recorded.

The Court below refused to hear the testimony of witnesses in support of the motion to quash the writ of *fieri facias,* but allowed the parties to take any proof they desired in the form of affidavits and submit said affidavits to the Court. The Court also refused to hear an argument by the appellant's counsel in support of the motion to quash. To this ruling the appellant has excepted. The Circuit Court committed no error by exercising the power

to direct in what manner the proof should be offered. This Court has decided that when a motion of this nature is pending the manner of taking the proof may be "directed by the Court in accordance with the rules of practice, in summary proceedings of this, and like character." *Lambden vs. Bowie,* 2 *Md.,* 340; *Gover, et al. vs. Barnes,* 15 *Md.,* 576.

The general practice, in the Courts of this State, is to require the proof, in support of motions of this sort, to be presented by affidavits. The rule, however, is not inflexible and the Court may, in the exercise of its discretion, permit the introduction of oral evidence.

The Court, in its refusal to hear an argument, was clearly exercising a discretionary power inherent in all Courts. Arguments by counsel are made for the purpose of enlightening Courts in relation to the questions presented for adjudication, and Judges are usually aided, in the formation of opinions, by the forensic efforts of the learned gentlemen of the bar in their advocacy of the claims of their clients. But a Judge may clearly perceive that the questions which counsel propose to argue are not properly before the Court, and cannot, by it, be determined, and that the only result of an argument would be an unnecessary consumption of time. When this is perceived a Judge may deem it his duty to exercise his discretionary power so as to economise the time of the Court, and from the exercise of a discretionary power no appeal can be properly taken.

The Court below not having committed any errors, its ruling should be affirmed.

*Ruling affirmed.*

(Decided 14th March, 1888.)