# NEWPORT COUNTY.

THOMAS A. KELLEY *vs.* HARRY FORCE.

Under Pub. Stat. R. I. cap. 206, a writ of attachment cannot issue without an affidavit containing allegations as specified in § 12 of said chapter. One of these allegations is, that the defendant, since contracting the debt sued for, has owned property or has received income which he has refused or neglected to apply in payment, though requested by the plaintiff to do so.

*Held,* that the defendant may show that the allegations in the affidavit are false.

To a writ served only by attachment issued on an affidavit containing the above allegations the defendant pleaded in abatement that no request had been made by the plaintiff.

*Held,* on demurrer, that the plea was good, and, if proven, entitled the defendant to have the action quashed.

EXCEPTIONS to the Court of Common Pleas.

*Providence, October* 26, 1889. PER CURIAM. This is *assumpsit* on book account brought originally in the District Court for the first judicial district. The writ commanded the officer receiving it to attach the goods and chattels and real estate of the defendant, and was served by attachment of a yacht and other chattels belonging to him, and in no other manner. The writ was issued under Pub. Stat. R. I. cap. 206, § 12,[1] in pursuance of an affidavit made by the plaintiff, setting forth " that, since the contracting of the debt, the defendant has been the owner of property, and in the receipt of an income, which he has refused or neglected to apply towards the payment thereof, though requested by the plaintiff so to do." Under chapter 206, every original writ, or writ of mesne process, is required to be a writ of summons, unless otherwise provided, and cannot issue as a writ of attachment without affidavit containing the allegation aforesaid, or some other allegation speci-

---

[1] As follows :

" SECT. 12. An original writ commanding the attachment of the real or personal estate of the defendant, including his personal estate in the hands or possession of another person as trustee of the defendant, and his stock or shares in any banking association or other incorporated company, may be issued from the Supreme Court, Court of Common Pleas, or any justice court, whenever the plaintiff in the action to be commenced by such writ, his agent or attorney, shall make affidavit, to be indorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant that is due, upon which the plaintiff expects to recover in such action a sum sufficient to give jurisdiction to the court to which such writ is returnable, *and also, either* that the defendant is an incorporated company established out of the State, or that he resides out of the State, or that he has left the State, and is not expected by the affiant to return within the same in season to be served with process returnable to the next term of such court, or that the defendant or some one of the defendants has committed fraud in contracting the debt upon which the action was founded, or in the concealment of his property or in the disposition thereof, *or* that since the contracting of such debt the defendant has been owner of property or in the receipt of an income which he has refused or neglected to apply towards the payment thereof, though requested by the plaintiff so to do."

fied in said section 12. The defendant pleaded in abatement, alleging as ground of abatement, " that at no time before the issue of the writ therein did the plaintiff request the defendant to apply any of his, the defendant's, property or income towards the payment of the plaintiff's claim against the defendant." The plaintiff demurred to the plea. The demurrer was sustained and the plea overruled by the District Court, and, on appeal, by the Court of Common Pleas, and comes before us on exceptions for error, on the part of the Court of Common Pleas, in said ruling.

The question, as it has been presented to us by counsel, is whether the affidavit is conclusive of the plaintiff's right to begin the action by attachment, or is open to impeachment by proof of its falsity ; no question being made but that, if it be open to impeachment, a plea in abatement is proper. There is a conflict of decision upon the question, but we are of the opinion that, according to the weight of authority, the defendant is entitled to show the falsity of the affidavit, and, upon proof thereof, to have the action quashed. Drake on Attachment, 6th edition, §§ 397–406, and cases cited by the defendant.[1] We think the demurrer should have been overruled and the plea sustained.

*Exceptions sustained.*

*Frank F. Nolan*, for plaintiff.
*Patrick J. Galvin & Charles Acton Ives*, for defendant.

---

[1] As follows :

*Lenox* v. *Howland*, 3 Caines Rep. 323 ; *Morgan* v. *Avery*, 7 Barb. S. C. 656 ; *Ex parte Chipman*, 1 Wend. 66; *Matter of Warner*, 3 Wend. 424 ; *Vienne* v. *McCarty*, 1 Dallas, 154, note a ; *Ferris* v. *Carlton*, 8 Philadelphia, 549 ; *Boyes* v. *Coppinger*, 2 Yeates, 277 ; *Branson* v. *Shinn*, 13 N. J. Law, 250 ; *City Bank* v. *Merritt*, Ib. 131 ; *Day* v. *Bennett*, 18 N. J. Law, 287 ; *Shadduck* v. *Marsh*, 21 N. J. Law, 434 ; *Campbell* v. *Morris*, 3 Harris & McHenry, 535 ; *Lambden* v. *Bowie*, 2 Md. 334; *Gover* v. *Barnes*, 15 Md. 576; *Degnans* v. *Wheeler*, 2 Nott & McCord, 323; *Shrewsbury* v. *Pearson*, 1 McCord, 331; *Harris* v. *Taylor*, 3 Sneed, 536 ; *Isaack* v. *Edwards*, 7 Humph. 465; *Dunn* v. *Myres*, 3 Yerg. 414 ; *Meggs* v. *Shaffer*, Hardin, 65 ; *Moore* v. *Hawkins*, 6 Dana, 289; *Lovier* v. *Gilpin*, Ib. 321; *Voorhees* v. *Hoagland*, 6 Blackf. 232 ; *Abbott* v. *Warriner*, 7 Ib. 573 ; *Excelsior Fork Co.* v. *Lukens*, 38 Ind. 438 ; *Bates* v. *Jenkins*, 1 Ill. 411 ; *Orton* v. *Noonan*, 27 Wisc. 572.