(Decided May 25th, 1864.)

---

JAMES A. RICHARDSON *vs.* WILLIAM T. HALL AND THOMAS D. LONEY.

PLEADING: ACT OF 1856, CH. 112, SECS. 111, 115.—The declaration alleged "that the defendants wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods; that is to say, one hundred barrels of flour." On demurrer, HELD:

1st. That the value of the flour was not of the substance of the issue, and under the Act of 1856, ch. 112, sec. 115, was not material to be alleged.

2nd. That the time when the Act was committed, was not material to be alleged under sec. 111 of said Act.

3rd. That it was sufficient to aver that the act complained of was wrongfully done, without specifying the mode or manner in which it was done.

4th. That as the declaration followed the form prescribed by said Act of 1856, it must be held sufficient.

PLEADING: DEPARTURE:—The defendants pleaded that the flour was taken by the sheriff under an attachment, commanding him to take the goods of H; that the defendants were plaintiffs in the attachment suit; that the sheriff took the flour into his custody as the property of H., and that the attachment suit was still pending. The plaintiff replied, "that the said flour mentioned in said declaration was taken by the sheriff in said plea mentioned, *at the instance and by the direction of the said defendants*, the said flour then and there being the property of the said plaintiff." On demurrer, HELD:

1st. That this plea was fatally defective, and even if true, constitutes no sufficient defence to the action.

2nd. That the replication was not objectionable on the ground of a departure.

ATTACHMENT: ACTION FOR ILLEGALLY ATTACHING PROPERTY NOT LIABLE TO THE ATTACHMENT.—Where the sheriff under an attachment against the property of A, attaches the property of B, by the direction of the attaching creditor, an action will lie against the sheriff, or the attaching creditor, and the right of action accrues as soon as the wrong is done; the party injured is a stranger to the attachment, and is not bound to intervene therein and claim the goods, although he has a right to do so, nor is it necessary for him to await the determination of the attachment suit.

APPEAL from the Superior Court of Baltimore City:

This was an action of damages instituted by the appellant on the 5th May 1857. The declaration stated, "that the defendants wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say, one hundred barrels of flour." To this the defendants pleaded "that the flour mentioned therein was taken by the sheriff of Baltimore City, under and by virtue of an attachment on warrant issued out of this Court, commanding him to take the goods and chattels of certain parties trading under the firm and style of Howard & Poor; that said Hall & Loney are the plaintiffs in the said attachment suit; and that the sheriff took said flour into his custody

as the property of said Howard & Poor. And the defendants further say, that the said attachment suit is still pending in this Court." The plaintiff replied, that "the said flour mentioned in.said declaration was taken by the sheriff, in said plea mentioned, at the instance and by the direction of the said defendants; the said flour then and there being the property of·the said plaintiff."

The defendants demurred to this replication, and the Court (LEE; J.) sustained the demurrer and gave judgment for the defendants, the plaintiff thereupon appealed.

The cause was argued before BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*George W. Dobbin*, for the appellant, argued :

1. That going back to the first error, that error will be found in the first plea, which, if true in every particular as pleaded, constitutes no sufficient defence to the action.

2. That the replication impliedly admits the facts stated in the first plea to be true, and reiterates the facts upon which the action was founded, that is, that the property was taken by the defendants, or by their direction, which is the same thing, and was the property of· the plaintiff; which facts so reiterated are perfectly consistent with the facts stated in the plea. It is not, therefore, a departure in pleading, and the defendants should have either traversed or confessed, instead of·demurring.

3. That the judgment on the demurrer must, therefore, be reversed, and judgment· entered for the plaintiff, and the cause sent back, under a *procedendo*, for the purpose of making such interlocutory judgment final, by an inquisition at bar, and the entry of a final judgment thereon. Act of 1800, ch. 69.

*Benjamin C. Barroll,* for the appellees :

The appellees contend, that the judgment should be affirmed.

1st. Because the *nar.* in the cause was bad in substance, *vide* Act 1856, ch. 112, sec. 115, 116, page 160, which provides, that "where value forms a part of the substance of the issue, it must be alleged," &c. The value of the flour was indispensable to enable a jury to ascertain the amount of damage sustained.

2nd. Time, was of the substance of the injury complained of, and is wholly omitted in the *nar.* Sec. 111, p. 160. .

3rd. The *nar.* does not say how, but only that the defendants wrongfully deprived him of his flour.

4th. The replication is bad, because it did not confess and avoid the substance of the plea.

5th. The replication was bad, as being a departure. The *nar.* averred as the gravamen of the complaint, that the defendants had wrongfully deprived the plaintiff of the use and possession of his flour, whereas the replication states that the sheriff did the act by the defendants' direction. The plaintiff must recover upon the allegations of the *nar.*, or not at all. 1856, ch. 112, sec. 62, p. 152, sec. 70, p. 153. If the cause is tried upon this replication, the issue would be brought to the single question, whether the sheriff took the flour by the direction of the defendants? Whereas, the true questions under the *nar.* are, whether the "defendants" took the flour, and whether they took it wrongfully?

6th. The plea was an indirect traverse as allowed by sec. 48, of the Act of 1856, p. 150; it denied that the defendants deprived the plaintiff of the flour in question, by showing that the sheriff took the flour under legal process, and of course held it until the attachment suit should be decided, and therefore the defendants were not depriving plaintiff or keeping him out of possession; the plea also averred that Howard & Poor owned the flour, consequently the flour did not belong to the plaintiff; it denied both the allegations of the *nar.*, and therefore was a good plea. It relied

on the act of the sheriff as rightful, while the attachment was pending, and until the Court in that case should determine the question; the attachment was a proceeding *in rem.*, and the law required all persons claiming the flour, to come in and prove ownership under the attachment proceedings.

7th. If it be said that the *nar.* in this case uses the language of the Act of 1856, sec. 29, p. 168, it is a sufficient answer to refer to sec. 137, on page 164, which declares, that the forms given are to be used with such modifications as may be necessary to meet the facts of the case. Nothing can be proved on the trial which is not put in issue by the pleadings, therefore all facts must be alleged which must be proved on the trial, and the forms must be so modified as to embrace all such facts.

BARTOL, J., delivered the opinion of this Court:

The record in this case presents for our decision, only, questions of pleading. The appeal was taken from a judgment of the Superior Court, sustaining the defendants' demurrer to the replication, and brings before us for examination the whole proceedings, it being the office and effect of a demurrer to carry the Court back to the first error.

The suit was an action of damages brought by the appellant, and the forms of proceedings are governed by the Act of 1856, ch. 112.

First. The declaration. To this three objections have been urged by the appellees in the argument:

1st. That value was of the substance of the issue, and ought to have been alleged. (Art. 5, sec. 115, page 160.)

The *tort* complained of in the declaration, is, that the defendants "wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say, one hundred barrels of flour, and the plaintiff claims one thousand dollars."

The action is not to recover the value of the flour, but damages for the alleged wrong, to be assessed by the

jury, the amount of damage is alleged, but the value of the flour was not of the substance of the issue, and, under the Act of 1856, was not material to be alleged.

2nd. In this case time was not material, and it was not necessary to allege the time when the wrong was committed. Act of 1856, Art. 2, sec. 111, page 160.

3rd. It was sufficient to aver that the act complained of was wrongfully done, without specifying the mode or manner in which it was done.

The declaration follows the form prescribed by the Act, sec. 29, page 168, and must be held sufficient.

Second. The plea. This we consider to be fatally defective, and the objections to it well taken. If true in every particular as pleaded, it constitutes no sufficient defence to the action. It avers that the flour was taken by the sheriff under an attachment on warrant, &c., commanding him to take the goods and chattels of certain parties trading under the firm and style of Howard & Poor; that Hall and Loney are the plaintiffs in said attachment suit; that the sheriff took said flour into his custody as the property of said Howard & Poor; and that said attachment suit is still pending.

This is not a denial of the allegation in the declaration, that the flour was the property of the plaintiff, nor is it an averment that it was the property of Howard & Poor. If the sheriff, at the instance and by the direction of the defendants, took it as the property of Howard & Poor, when it was, as alleged, the property of the plaintiff, such taking would be wrongful, and an action would lie against the sheriff or the attaching creditor, at whose instance, and by whose procurement, the wrong was done. It is like the case of a sheriff taking the goods of one person, upon a *fieri facias* issued against another; for which, it is well settled, an action may be maintained by the real owner against the sheriff, and the plaintiff in the execution, if he is privy to the wrong. 1 *Chitty's Pl.*, 180.

Nor is it any defence to the action, that the attachment suit, under which the sheriff took the goods was still pending and undecided. The right of action accrued as soon as the wrong was done. The party was a stranger to the attachment suit, and was not bound to intervene therein and claim the goods, though he had the option to do so. 10 *Md. Rep.*, 14.

Nor was it necessary for him to await the determination of that suit, for he might thereby be barred of his remedy by limitations, which began to run as soon as the right of action accrued, which as we have said, was upon the wrongful taking by the sheriff.

The plea being insufficient, it is not very material to consider whether the replication is defective, except to say that we do not consider it objectionable on the ground of a departure. The declaration alleges that the defendants wrongfully took. The plea is, that the sheriff took at the suit of the defendants. The replication avers, that the sheriff took at the instance and by the direction of the defendants. This is equivalent in law to a taking by the defendants, and is no departure.

The plea being insufficient, the plaintiff was entitled to judgment upon the demurrer, and it was error to give judgment for the defendants; it must therefore be reversed, and under the Act of 1826, ch. 200, sec. 10, the case will be sent back under *procedendo*, in order that such further proceedings may be had in the Superior Court as justice and the rights of the parties require, and as are in conformity with the opinion of this Court.

*Judgment reversed, and procedendo awarded.*

(Decided May 27th, 1864.)