JAMES R. CLARK, and M. B. CLARK, trading as M. B. CLARK & BRO. *vs.* GEORGE DRESSEL, &c.

*Construction of the Act of 1870, ch. 84—Effect of a Judgment for Return of property under that Act—The same no bar to an Action of Damages for the Taking and Detention of the property—The damages awarded by a Verdict will be assumed to be those Warranted by the instruction granted— Appropriate remedy in case of a Verdict for Excessive or unauthorized Damages.*

G. D. recovered a judgment in the Court of Common Pleas, in an action brought January 10th, 1880, against J. R. C. and M. B. C. for damages for taking and detaining a horse, wagon, and wagon harness, to which the plaintiff derived title under a bill of sale from M. D. Prior to the institution of that action, the defendants had recovered a judgment before a justice of the peace against M. D., and issued a *fi. fa.* thereon, under which the constable took in execution the property forming the subject of the action in the Court of Common Pleas. G. D. made before a magistrate a claim to the property so taken in execution, and at his instance a trial was had under the Act of 1870, ch. 84, to determine the question of property. On the 5th of January, 1880, the magistrate gave judgment in favor of the claimant for the property taken, and one cent damages, and costs. On appeal to the Baltimore City Court, the appeal was dismissed on the 1st of June, 1880, because of the non-payment of the magistrate's costs by the appellants. J. R. C. and M. B. C. then made a motion in the Court of Common Pleas, in the nature of an *audita quærela,* that the case in that Court be dismissed, or the judgment entered satisfied, on the ground that since the rendition of the verdict, the plaintiff had recovered a judgment in Baltimore City Court for the same subject-matter, and the case on which he obtained it was pending before the case in the Court of Common Pleas was instituted. HELD:

1st. That assuming the judgment of the magistrate in favor of the claimant had been affirmed on appeal, it would be no bar to the

action in the Court of Common Pleas, nor furnish any ground for disturbing either the verdict or judgment therein.

2nd. That the magistrate's authority under the Act of 1870, ch. 84, was limited to an order for the return of the property to the claimant if proven to belong to him, and such judgment "for costs" as should seem just; and such was the sole effect of his judgment relied on by the defendants in support of their motion.

3rd. That by giving the claimant the privilege of getting his property back in this way, the statute did not deprive him of his common law remedy for its seizure and detention.

4th. That although the declaration averred that the defendants *sold* the property, and claimed damages therefor, it also claimed damages for the unlawful taking and detention of the property; and as the plaintiff by his prayer only asked, and the jury were only instructed to give, such damages as they might find from the evidence he sustained from the taking and detention, this Court could not say that the verdict included any other damages than those which the instruction allowed the jury to give.

5th. That if the damages were excessive, or the verdict included such as were unauthorized, the appropriate remedy of the defendants was by a motion for a new trial.

Appeal from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before Bartol, C. J., Grason, Miller, Irving and Magruder, J.

*W. H. Cowan,* for the appellants.

*Wm. J. O'Brien,* for the appellee.

Miller, J., delivered the opinion of the Court.

The appellee, George Dressel, on the 10th of January, 1880, sued the appellants, in the Court of Common Pleas, for that they did, (as the declaration avers,) with force and arms, unlawfully take one bay horse, one wagon, and

one set of wagon harness, the property of the plaintiff, and sold, secreted, or otherwise disposed of the same, and deprived him of the use and benefit thereof, whereby he has sustained damage, and he claims $1500 damages. The defendants pleaded *non cul.* and the case was tried before a jury. It appears the plaintiff's title to the property was derived under a bill of sale from his brother, Martin Dressel. At the trial one prayer was offered by the plaintiff, and two by the defendants, all of which were *conceded* and granted *by consent.* By the granting of the plaintiff's prayer, the jury were instructed that if they found from the evidence, that the plaintiff was the owner of the property, and that the defendants *took the same into their possession,* without his consent, and refused to deliver it up on his demand, then the verdict must be for the plaintiff, and the jury may find such *damages* as they believe from the evidence, he suffered by *such taking of his property ;* and by the granting of the defendants' prayers they were instructed in effect that if they found from the evidence, that the bill of sale of the property to the plaintiff, was fraudulent and not a *bona fide* transaction, then their verdict must be for the defendants. Under these instructions the jury found a verdict for the plaintiff for $275 damages, and judgment was duly entered thereon.

This judgment was rendered on the 18th of May, 1880, and on the 12th of June following, the defendants made a motion to the Court, in the nature of an *audita querela,* that the case be dismissed, or the judgment entered satisfied, for the reason (as alleged) that since the rendition of this verdict, the plaintiff has obtained a judgment in Baltimore City Court for the same subject-matter, and the case on which he obtained that judgment was pending before this suit was instituted, and defendants have offered and now offer to satisfy said judgment in the City Court, but the plaintiff refuses to accept the property, and all costs in the case, and insists on holding these defendants on

both judgments, and are obtaining two satisfactions for the same alleged wrong. Upon hearing, the motion was overruled, and from this action of the Court below the defendants have appealed.

It appears from the record of the case in Baltimore City Court, which was offered in support of the motion, that the appellants, Clark & Brother, in December, 1879, recovered a judgment before a justice of the peace, against Martin Dressel for $36.75, on which they issued a *fi. fa.;* that under this writ the constable seized and took in execution, a bay horse, wagon, and set of harness, which were *claimed* by George Dressel as his property, and thereupon the magistrate, as directed by the Act of 1870, ch. 84, issued, at the instance of the claimant, a warrant to a constable requiring him to summons the judgment creditors, Clark & Brother, and the judgment debtor, Martin Dressel, to appear and show cause why the property should not be discharged from the levy; that these parties were duly summoned, a trial had, and that on the 5th of January, 1880, the magistrate gave judgment in favor of the claimant for the property taken, and one cent damages, and $3.15 costs; that from this judgment Clark & Brother on the 8th of the same month, took an appeal to Baltimore City Court; and that on the 1st of June, 1880, this appeal was, in that Court, on motion of the claimant's counsel, dismissed under the Act of 1867, ch. 164, for non-payment of the magistrate's costs. This record with the admission that the property therein mentioned, is the same as that described in the declaration, and the further admission that after the verdict and pending the motion, the defendants offered to return the property to the plaintiff, if he would agree to strike out the verdict and dismiss the case, which offer was refused, was all the testimony presented to the Court at the hearing.

We are all clearly of opinion there was no error in overruling this motion. Waiving all other objections,

Clark & Brother *vs.* Dressel:

and assuming the judgment of the magistrate in favor of the claimant had been affirmed on appeal, we think it would neither be a bar to this action, nor furnish any ground for disturbing either the verdict or judgment therein. The authority of the magistrate in such cases is sharply defined and limited by the Act of 1870. If, upon trial, it is proved to his satisfaction that the property belongs to the claimant, he is authorized and directed to order it " to be delivered " to him, and he may give such judgment " for costs " as shall seem just. This is the extent of his power, and such was the sole effect of the judgment relied on in this case. The magistrate could not award damages for the unlawful seizure and detention of the property. The whole purpose of the Act is simply to allow a third party, whose property has been seized in execution on a judgment rendered by a justice of the peace, upon the assumption that it belonged to the judgment debtor to come in, if he chooses, and recover it back in specie before it is sold. By giving him this privilege the statute does not deprive him of his common law remedy for the unlawful seizure and detention of his property. We hold it to be very clear that a party who avails himself of this privilege and recovers back his property, is not thereby deprived of his right to maintain an action against those who are responsible for such a wrong, for the illegal taking and detention. In *Trieber vs. Blocher*, 10 *Md.*, 14, it was decided that where the goods of a third party are seized under an attachment, he may sue the sheriff in trespass and recover for the unlawful taking and detention, notwithstanding he came into the attachment case, filed a plea claiming the property and recovered a judgment for its restitution.

But it is argued that the verdict covers the value of the property taken, for the return of which he had recovered a judgment before the magistrate. In support of this it is said the declaration avers that the defendants *sold* the

property and claims damages therefor. This may be true, but it is equally true that it also claims damages for the unlawful taking and detention of the property. It is well settled that in actions of trespass like the present, the plaintiff is not bound to prove the whole of his *gravamen* as laid in his pleadings, but may recover less than he claims, and according to the extent of his proof as given to the jury. *Ranahan vs. O'Neal,* 6 *G. & J.,* 300 ; *Trieber vs. Blocher,* 10 *Md.,* 22. The record does not disclose what proof was offered to the jury, but it is plain that by his prayer, the plaintiff only asked, and the jury were only instructed to give, such damages as they may find from the evidence, he sustained by reason of the *taking* of his property into their possession by the defendants, and their *refusal to deliver* it up to him on his demand. If any evidence of the *value* of the property was offered, it was competent for the defendants to ask an instruction denying the right to recover any *such* damages. No such instruction was asked for, and in the state of case as presented by the record, this Court cannot say the verdict includes any other damages, than those which the instructions granted and conceded, allowed the jury to give. If the damages were excessive, or if the verdict included such as were unauthorized, the appropriate remedy of the defendants, was by a motion for a new trial. It is clear that relief on that ground cannot be reached by this motion.

*Judgment affirmed.*

(Decided 18th March, 1881.)