JAMES T. KILPATRICK, and FRANK E. KILPATRICK, trading as F. E. KILPATRICK AND COMPANY *vs.* THOMAS O'CONNELL.

*Attachment—Nul tiel Record—Res adjudicata—Docket entries.*

K. & Co. sued T. O'C. for damages for taking the goods of the plaintiffs. The defendant pleaded that the goods were the same which had been seized by the sheriff under a writ of attachment issued at the suit of T. O'C., the defendant, against the goods and chattels of C., " that the plaintiffs had knowledge of said attachment cause and intervened therein, and that the question in the said cause was whether the said goods so attached were the goods of said C., or the plaintiffs' goods in this present cause; yet that the Court in said cause did determine that the said goods were the · goods of said C. and liable to said attachment and did accordingly render a judgment of condemnation of the said goods for the satisfaction of the claim of said O'C." The plaintiffs *inter alia*, replied *nul tiel record.* At the trial the original papers and also the docket entries in the attachment proceedings were produced in evidence by the defendant, from which it appeared that under said attachment, certain goods, a schedule of which was returned with the writ, were seized by the sheriff, and afterwards sold by order of the Court; that the attachment was also laid in the hands of N. and A. who were trustees under an assignment made to them by C. for the benefit of his creditors subsequent to the attachment of said goods; and that a motion was filed by K. & Co. entitled " *T O'C. vs. G. E. N.* and J. H. V. A. garnishees of G. H. H. C.," which was in these words: "J. T. and F. E. K. trading as F. E. K. & Co., by J. B. G. their attorney represent that they are creditors of G. H. H. C., and have laid an attachment in the hands of the above said garnishees, and are therefore interested in the fund attached, and move the Court to quash the attachment in this case because of error apparent on the face of the proceedings when the attachment was issued, and for other reasons." The record showed that the motion was indorsed on the back exactly as it was entitled. The docket entries showed that it was filed in the attachment or short note case. HELD:

1st. That the titling prefixed to the motion and the indorsement thereon clearly showed that it was the intention of the motors to appear in the case against the garnishees only; and in that case neither the *property* seized, and for which they had sued for damages, nor the proceeds of the sale thereof made by the sheriff, were involved, as the garnishees became such after the seizure, and had no control of the property or its proceeds.

2nd. That K. & Co. were not bound to appear in the attachment suit and make their claim to the property attached; nor could they be estopped by having appeared in the case against the garnishees and failed to make it there.

3rd. That the motion to quash offered in evidence did not tend to establish the existence of a record sustaining the plea of *res adjudicata*, and was inadmissible for that purpose.

4th. That the docket entries of themselves amounted to nothing; the entry by the clerk of the motion to quash in the attachment case was a manifest mistake, as it belonged to the garnishee case.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*First Exception.*—At the trial, upon the issue of *nul tiel record*, the defendant offered in evidence to the Court the original papers and docket of the Superior Court of Baltimore City in the short note case and the attachment case of Thomas O'Connell against George H. H. Condon, in said Court, including Kilpatrick & Co's motion to quash said attachment. The plaintiffs admitting that the goods, &c., mentioned in the said attachment proceedings were the identical goods, &c., for the alleged wrongful taking of which the present action was brought, waived all objection to the evidence offered on account of the same not being an exemplified copy of the said record, formally certified by the Clerk of the Superior Court, under the seal thereof, but objected to the reading in evidence of said motion to quash by Kilpatrick & Co., and to the reading in evidence of said docket entries, and par-

ticularly to the entry of said motion to quash by Kilpatrick & Co., claiming that said motion, and said docket entries were not properly part of the record of said attachment case, but the Court, (PHELPS, J.,) overruled the plaintiffs' objections, and allowed said motion to quash, and all said docket entries to be read and considered in evidence. The plaintiffs excepted.

*Second Exception.*—There being no other evidence offered on the issue joined as aforesaid, other than that set forth in the first bill of exception, the Court considered the evidence and did determine and find that said evidence established the defendant's plea. The plaintiffs excepted.

*Third Exception.*—The Court having decided for the defendant on the demurrers, and on the issue of *nul tiel record,* and no other evidence on any other issue being offered, the plaintiffs offering none, saying through their counsel that the decision of the Court on the said issue of *nul tiel record* had practically ended their case, the Court instructed the jury that their verdict should be for the defendant, explaining to them that the case had been decided upon questions of law. The plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before ALVEY, C. J., STONE, IRVING, RITCHIE, and BRYAN, J.

*George E. Nelson,* and *Henry F. Garey,* for the appellants.

*Michael A. Mullin,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellants sued the appellee for damages for causing "the sheriff of Baltimore City, and his deputies to

seize and take possession of certain goods and chattels of the plaintiffs." A second count charged the defendant with unlawfully seizing and carrying away the goods and chattels of the plaintiffs, namely: boots, shoes and slippers. A third charges the defendant with wrongfully depriving the plaintiffs of the use of the property; and a fourth charges the defendant with taking and converting to his own use the property of the plaintiffs.

The defendant pleaded, 1st. That he did not commit the wrong alleged; and 2ndly, that "the goods mentioned in the plaintiffs' declaration for the taking of which this action is brought, are the same goods which were seized by John F. Hunter, late sheriff of Baltimore City, under a writ of attachment issued out of the Superior Court of Baltimore City, at the suit of Thomas O'Connell, the defendant in the present cause, against the goods and chattels of Geo. H. H. Condon in the schedule returned by said late sheriff to said Court, with his return to said writ of attachment; that the plaintiffs had knowledge of the pendency of said attachment cause and intervened therein, and that the question in the said cause was whether the said goods so attached were the goods of said George H. H. Condon, or the plaintiffs' goods in this present cause; yet that the Court in said cause did determine that said goods were the goods of said Condon, and liable to said attachment, and did accordingly render a judgment of condemnation of the said goods for the satisfaction of the claim of said O'Connell."

To the first plea the plaintiffs joined issue; and demurred to the second; which demurrer being overruled, they replied to the second plea—1st, "that they did not intervene in the attachment case mentioned in the defendant's plea for the purpose of trying title to the said goods, and that no such question was raised or decided in said cause."

2nd. "That there is no such record or judgment as alleged in the defendant's said plea."

Kilpatrick *vs.* O'Connell.

3rd. "That the said George H. H. Condon, on the 19th day of September, 1882, made an assignment of all his property to George E. Nelson and John H. V. Ackerman, in trust for the benefit of his creditors, which said assignment was made subsequently to the said issue and levy under said writ of attachment; that the said Thomas O'Connell in said suit of attachment against said George H. H. Condon had caused the writ of attachment to be laid in the hands of said trustees by way of garnishment, the levy upon the property taken as per schedule not being sufficient to satisfy his alleged claim; and that they the said plaintiffs, being creditors of the said George H. H. Condon, were interested in the fund in the hands of the said trustees, and they being interested also by reason of having laid an attachment in the hands of the said trustees, and for the purpose of protecting said fund, and of preventing said O'Connell from subjecting it to the payment of his debt, appeared in the cases docketed, *Thomas O'Connell vs. George E. Nelson, and John H. V. Ackerman,* respectively garnishees of Geo. H. H. Condon, in said Superior Court, and moved to quash the attachment, for errors apparent on the face of the proceedings, but they did not appear in the attachment cause of *Thomas O'Connell vs. George H. H. Condon,* and assert title to the property attached per schedule, before the execution of said deed of trust."

The defendant joined issue on the second replication, alleging there was no such record as that alleged; and demurred to the first and third replications to his second plea. The Court sustained the demurrers to the first and third replications, and rendered judgment for the defendant on the plea of *nul tiel record.* The verdict was for the defendant, under the instructions of the Court, and judgment being in his favor this appeal was taken.

There are three bills of exception. The first is to the admission of certain testimony in support of the defend-

ant's issue on the plea of *nul tiel record.* The second is: to the finding of the Court upon such issue; and the third is to the instruction of the Court directing the jury to find for the defendant.

Properly, perhaps, the demurrers should be first considered, but, as our decision will not turn upon technical defects in pleading, we will first consider the evidence in support of the plea of *res adjudicata,* offered under the issue of *nul tiel record.* The defendant offered in evidence the original Court papers and docket of the Superior Court of Baltimore City in the short note case, and the attachment case of *Thomas O'Connell vs. George H. H. Condon,* in the Superior Court, including Kilpatrick & Co's motion to quash the attachment. To the reading of this motion to quash, and the docket entries showing it as filed in the attachment cause, or short note case, the plaintiffs objected, and the overruling of the objection is the ground of the first exception. The motion is entitled: "*Thomas O'Connell vs. George E. Nelson and John H. V. Ackerman, garnishees of George H. H. Condon;*" and the motion is in these words: "James T. & Frank E. Kilpatrick, trading as F. E. Kilpatrick & Co., by James B. Green, their attorney, represent, that they are creditors of George H. H. Condon, and have laid an attachment in the hands of the above said garnishees, and are therefore interested in the fund attached, and move the Court to quash the attachment issued in this case because of errors apparent upon the face of the proceedings, when the attachment was issued, and for other reasons." The record shows that this motion was endorsed on the back exactly as it was entitled. The sheriff's return upon the attachment, shows that the sheriff seized the boots and shoes, and sold them under an order of the Court, and deposited the money in Court; and that he also laid the attachment in the hands of John H. V. Ackerman and George E. Nelson, as gar-

nishees. The titling prefixed to the motion, and the endorsement thereon, clearly show that it was the intention of the motors to appear in the case against the garnishees only. In that case neither the *property* seized, and for which they had sued for damages, nor the proceeds of the sale thereof made by the sheriff, were involved; for the garnishees became such after the seizure, and had no control of the property or its proceeds. Unless, therefore, the fact, that appellants' property had been seized under the writ, was a ground for quashing the whole proceeding, notwithstanding there were no fatal irregularities in the proceedings, and notwithstanding undisputed credits had been attached in their hands, the appellants' claim of property could not affect the claim of the plaintiff in the attachment against the garnishees. The defendants' claim is, that it would have such effect, and therefore the motors were bound to make the claim; and must be held to have made every possible objection to the attachment which they could make, including their claim of title to the goods taken under the writ of attachment. It is not pretended, that the question of title was, in fact made or decided. By a fair construction of the motion it was not intended to be presented, and did not bind the appellants to raise the question. As made, and where made, it was designed to dispute with the other attaching creditors the right to the funds in the hands of the garnishees. The two attaching creditors were each desirous of getting the fund. The appellants were not there seeking to protect their property which was seized, and which they claimed as of right, but were seeking to take from the appellee's grasp funds, which as *creditors* they *also* were attaching. The only language, under which it is contended that title was involved and raised, is found in the phrase "and for other reasons," which language *followed* the only specific allegation, namely, "errors on the face of the proceedings *when* the *attachment was issued.*" We are not told what errors were

relied on, but the language employed confines the search for them to the proceedings "when the attachment issued;" which means the affidavit, account, short note, and, possibly, the attachment itself. Subsequent irregularities or errors if discovered, were no doubt provided for in the subjoined language "and for other reasons." It cannot be said therefore, that title was, by necessary implication, involved through that language. As the question of title did not properly arise as a ground for quashing the attachment generally, in the case of the garnishees; and its decision adversely to the defendant in this action ought not, of itself, to defeat the attachment, which was regular against the garnishees, there was no appropriateness in bringing it up in that case and under that motion. There is no doubt, a motion to quash may be based on the denial of the defendant's property in goods attached. *Campbell vs. Morris*, 3 *H. & McH.*, 552, and *Trieber vs. Blocher*, 10 *Md.*, 14, so establish; but we have found no case which decides that the attachment will be quashed as against property rightfully taken and credits properly garnisheed, because somebody's property has been improperly seized. A special proceeding is allowed by statute for all such cases, and if the party does not avail himself of it, but comes in by his motion to quash, the relief should be so granted him as not to defeat the whole action so far as it is regular. Clearly the plaintiff in attachment ought not to have his action against the garnishees defeated because somebody's property improperly seized must be discharged. Without, therefore, other reasons existed besides the right of property in goods not belonging to or claimed by the garnishees, the attachment ought not to be quashed as against them. Hence it follows, that unless the parties were bound, because of knowledge, to assert their title, and the case is to be held as adjudicated by reason of their non-assertion of it, there was error in the finding that the question had been already decided.

The cases relied on by the appellee's counsel, do not, in our opinion, sustain his contention. In *Trieber vs. Blocher*, 10 *Md.*, 14, the decision in *Ranahan vs. O'Neale*, 6 *Gill & J.*, 298, is fully reviewed, and the meaning of Judge STEPHEN, in the language he employs, is fully explained. It is there determined that it was only intended in *Ranahan vs. O'Neale*, to decide, that where a party having knowledge of his property being seized by the sheriff, failed to appear and claim it, he was thereby barred from suing the *sheriff* for *selling* the same under the mandate of the Court after judgment of condemnation. The sheriff was bound to execute the order of *sale*, and the claimant of the property had lost his action against the sheriff by failing to prevent, as he might, the condemnation of the property. Beyond this, *Ranahan vs. O'Neale* did not go. The same view was again announced in *Richardson vs. Hall & Loney*, 21 *Md.*, 399, where the late and eminent Chief Justice of this Court says: "The right of action accrued as soon as the wrong was done. The party was a stranger to the attachment suit, and was *not bound* to intervene therein and claim the goods, though he had the option to do so." If these appellants were not bound to appear in the attachment suit and make this claim, how can they be estopped by having appeared in the case against the garnishees, and failed to make it there? Entirely different interests being involved in that case and resting on grounds other than claim of title, to which it is so clear that the appellants were solely looking, we can see no reason for holding them as having appeared in the other branch of the case. We do not think the motion to quash offered in evidence tended to establish the existence of a record sustaining the plea of *res adjudicata*, and therefore the objection to its admissibility ought to have been sustained. The docket entries, of themselves, established nothing. The entry by the clerk of this motion to quash in the attachment case was a manifest mistake. It be-

longed to the garnishee case.    There was error therefore
both in the admission of the evidence objected to, and in
the finding of the Court on the issue of *nul tiel record*.

If there was no record of an adjudication such as was
pleaded ; of which we find there was none ; and there is
no other evidence offered to show the question was raised
or decided, the defendant fails on his plea of *res adjudicata;*
and it is hardly necessary to discuss the questions arising
under the demurrer.    Still it is proper to say that, in
respect to the plea of the defendant, it does omit to charge
that the judgment relied on was a still subsisting judg-
ment, as all the forms or precedents in the books, and
especially that given in the Code requires.·  But whether it
was well or badly pleaded is immaterial, inasmuch as the
plaintiffs' first and third replications were good, and the
demurrer thereto ought to have been overruled, instead of
being sustained, under the principles which we have
herein discussed and decided.

For the reasons assigned the judgment will be reversed,.
and a new trial will be awarded.

> *Judgment reversed, and*
> *new trial ordered.*

(Decided 19th June, 1884.)