CALEB C. BURTON *v.* OSCAR SUTTON JENNINGS.

[No. 29, October Term, 1929.]

*Decided January 7th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Thomas M. Jenifer,* with whom were *Stevenson A. Williams* and *H. Courtenay Jenifer* on the brief, for the appellant.

*Murray MacNabb* and *D. Paul MacNabb,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellee sued the appellant, who was formerly sheriff of Baltimore County, in an action of trover, the cause of action being the sale by the defendant while sheriff of an automobile of one Clarkin, on which plaintiff had a chattel mortgage, under a writ of *fieri facias* on a judgment against Clarkin, obtained in Baltimore City, subsequent to the recording of plaintiff's mortgage. The mortgage was duly recorded in Howard County, where the mortgagor resided, and in Baltimore City, where he was engaged in business. The levy was made and the automobile seized in Baltimore County as Clarkin was passing through.

The mortgagor was in default, and plaintiff was entitled to possession of the car.

The mortgage was not recorded in Baltimore County but the sheriff had actual notice of its existence and that it was recorded where the law required it to be recorded; and he was warned not to make the sale. He suggested that plaintiff file a claimant's petition and have his rights determined by the court. On his failure to do so, defendant offered and sold the car at public auction.

This appeal is from a judgment in favor of plaintiff. There are three exceptions to rulings on evidence and three to rulings on the prayers. The first exception was to the admission in evidence of the chattel mortgage, the objection being that it was not proper evidence, since it could not serve as constructive notice to the defendant, and if valid would not have been affected by the seizure and sale made by the sheriff. We find no error in this ruling. The mortgage was properly recorded, and the sheriff, having been told not only of that fact, but where it was recorded, was charged with actual notice of its existence. The effect of the sale upon

plaintiff's rights will be considered later. The other rulings on evidence, whether right or wrong, were not prejudicial, as the facts involved were otherwise fully proved. And we find no prejudicial error in the rulings on the prayers.

Appellant's points are four in number. He contends:

1. That plaintiff was not entitled to possession and therefore the action of trover did not lie. We find that plaintiff was entitled to possession. By the terms of the mortgage the mortgagor agreed to surrender possession to the mortgagee on default. The mortgage was in default. A demand by the mortgagor was unnecessary in the circumstances of this case, as a preliminary to the right of possession by the mortgagee, as on the seizure of the property by the sheriff it was no longer possible for the mortgagor to comply with such a demand, and it would therefore have been ineffectual. In such circumstances the warning given to the sheriff was sufficient. *Bonaparte v. Clagett,* 78 Md. 87.

2. That the chattel mortgage was not a lien on the property while in Baltimore County, and that the recording in other counties did not give him constructive notice. But we hold that, as he had actual notice, he was bound to act on it, and if he had he would have found that the mortgage was properly recorded, and that plaintiff was entitled to possession.

3. That the sheriff should not be held responsible in trover for damages sustained by the holder of a chattel mortgage, who, having knowledge of the levy, allows the sale to proceed without taking some legal steps to prevent the sheriff from "going ahead with his duty." The fallacy of this contention is involved in the idea that the sheriff was "going ahead with his duty"; and that grows out of confusing the act of a sheriff who, under a writ directing him to take any property he may find belonging to a judgment debtor, takes property belonging to some one else, with his act in selling property under order of court which has been condemned in an attachment proceeding, as in *Ranahan v. O'Neale,* 6 G. & J. 298, and *Trieber v. Blocher,* 10 Md. 14. The distinc-

tion between the two acts is referred to in *Thompson v. Baltimore & Susquehanna Steamship Co.*, 33 Md. 312, 318. It is true plaintiff, under Code, art. 9, sec. 47, could have filed a claimant's petition. But he was not bound to do so. *Richardson v. Hall*, 21 Md. 399, 409, citing *Trieber v. Blocher, supra; Corner v. Mackintosh*, 48 Md. 374, 391; *Kilpatrick v. O'Connell*, 62 Md. 403, 411; *Kean v. Doerner*, 62 Md. 475, 478.

4. That the sale by the sheriff, under which he sold only the right, title and interest at law and in equity of the judgment debtor Clarkin, in no way affected plaintiff's lien, and he was entitled to recover the property by appropriate proceedings. That is true; but it does not follow that plaintiff was bound to enter into a law suit with the purchaser at the sheriff's sale, or to undertake to get possession of the property by force. It is generally true that one whose property has been sold under execution against another can repossess himself in an action of replevin; but that does not relieve the sheriff of liability.

Defendant's first, second, third and fifth prayers were based on this fourth contention and were properly refused. His fourth prayer involved the fallacy referred to in discussing the third contention. His 1A prayer was the general demurrer prayer. There was an abundance of evidence to take the case to the jury under the authority of *Albert, Sheriff, v. Lindau*, 46 Md. 334.

There was no general exception to plaintiff's granted prayer, which was as follows: "The jury is instructed that if they find that on or about the months of July and August, 1925, the defendant (acting by virtue of a *fieri facias* issued out of one of the law courts of Baltimore City directing the said Burton, as sheriff of Baltimore County, to levy on the property of one Charles H. Clarkin), seized and sold a Ford sedan, the property of the plaintiff, by virtue of a duly recorded mortgage in default of payment, if they so find, and if they further find that the said Burton had actual as well as constructive notice of such mortgage arising from the re-

cording thereof, and further find that the said Burton refused to give up said Ford sedan at the request of the plaintiff, and sold same to one Linzey, who took possession thereof and transferred it to others who are now claiming the said automobile, then their verdict must be for the plaintiff."

The two special exceptions were:

1. Because there was no evidence that any demand was made upon the defendant for the delivery to the plaintiff of the automobile, or that the defendant refused to deliver the same to the plaintiff.

2. Because the defendant had no notice of the alleged bill of sale from the recording thereof. Both were overruled.

As to the first: It is true there was no evidence of an express demand upon the sheriff for delivery of the car. But there is evidence of a notice to him of the mortgage and of the places of record, and that he would be held responsible for plaintiff's equity in the automobile. That was substantially a warning that plaintiff was demanding all his rights, and put the sheriff on inquiry as to what those rights were. An examination of the records to which he was referred would have disclosed that the mortgage was overdue and that the mortgagor was in default, and that he had agreed to surrender the car to plaintiff; that the very attempt to sell it by the sheriff would entitle the plaintiff to immediate possession. Besides, it was not necessary to recovery that the jury should find that the sheriff "refused to give up said Ford sedan at the request of the plaintiff." That requirement could have been stricken out, and the prayer would have been good. Leaving it in did not prejudice the defendant, but imposed an improper burden upon the plaintiff. Defendant, therefore, was not prejudiced by the overruling of this exception.

As to the second: It was properly overruled because defendant had actual notice of the existence of the chattel mortgage and of the places of record. Whether, in the circumstances, he had constructive notice, it was not necessary to decide.

*Judgment affirmed, with costs to appellee.*